IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TRAVIUS K. TUCKER, #B88151, | |
| Plaintiff, | Case No. 21-cv-00325-SPM |
| v. | |
| TYLER HOLLAND, CHARLES HECK, DIANE SKORCH, JEFFERY DENNISON, and CHRISTOPHER THOMPSON, | |
| Defendants. | |

## MEMORANDUM AND ORDER

**MCGLYNN, District Judge:**

Plaintiff Travius Tucker, an inmate of the Illinois Department of Corrections ("IDOC") who is currently incarcerated at Menard Correctional Center ("Menard"), brings this civil action pursuant to 42 U.S.C. § 1983 for violations of his constitutional rights. Tucker claims his due process rights were violated when two disciplinary hearings were conducted without prior notice and an opportunity for him to review the charges. He seeks monetary damages and declaratory relief.

The Complaint is now before the Court for preliminary review pursuant to 28 U.S.C. § 1915A. Under Section 1915A, any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or requests money damages from a defendant who by law is immune from such relief must be dismissed. *See* 28 U.S.C. § 1915A(b). At this juncture, the factual allegations of the *pro se* Complaint are to be liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

### THE COMPLAINT

Tucker alleges that on January 13, 2020, and January 14, 2020, he went before the Adjustment Committee for disciplinary tickets regarding sexual misconduct, intimidation and threats, disobeying a direct order, and health and smoking violations. He was found guilty of all charges and sentenced in total to 13 months C grade status. Prior to the hearings, Tucker was "not served" and not given 24 hours' notice. He argues that he should have been given a chance to review the charges against him prior to the hearings.

### DISCUSSION

Based on the allegations of the Complaint, the Court finds it convenient to designate the following counts:

> **Count 1:** Fourteenth Amendment claim against Defendants for finding Tucker guilty of disciplinary charges without due process.
>
> **Count 2:** Eighth Amendment claim against Defendants for upholding the disciplinary charges against Tucker after being notified that he was not afforded due process through the grievance process.

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly*[1] pleading standard.**

When a plaintiff brings an action under Section 1983 for procedural due process violations, he must plead that the state deprived him of a constitutionally protected interest in "life, liberty, or property" without due process of law. *Zinermon v. Burch*, 494 U.S. 113, 125 (1990). A court reviewing a due process claim must, therefore, engage in a two part inquiry: (1) was there a protected interest at stake that necessitated the protections demanded by due process; and (2) was

---

[1] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (7th Cir. 2007).

the disciplinary hearing process conducted in accordance with procedural due process requirements? Whether the disciplinary procedures employed before and during his disciplinary proceedings violated due process need not be considered, however, because Tucker has failed to plead that a protected interest was at stake.

Tucker claims that he received a total of 13 months C grade status from the Adjustment Committee members. However, Tucker "does not have a protectible liberty interest in his demotion to C-grade status." *Thomas v. Ramos,* 130 F.3d 754, 762 n.8 (7th Cir. 1997). Because Tucker did not suffer a loss of liberty, he cannot establish a due process violation. Count 1 is dismissed as to all Defendants.

Tucker has also not articulated a claim under the Eighth Amendment. Tucker states that Defendants violated his Eighth Amendment right to be free from cruel and unusual punishment when they knowingly upheld the charges against him even after he notified them through the grievance process that he had not been afforded due process. Tucker also asserts that Defendants failed to follow IDOC regulation 504.90(a)(1), which requires them to find the disciplinary hearings defective because he was not provided prior notice.

First, Section 1983 is "limited to redressing claims based on federal law (including the Constitution)." *Lilly v. Jess,* 189 F. App'x 542, 543 (7th Cir. 2006). Tucker cannot assert a constitutional claim based on alleged violations of state law or regulations. *Windle v. City of Marion, Ind.*, 321 F.3d 658, 662 (7th Cir. 2003). Second, the Eighth Amendment protects inmates from prison officials' "deliberate indifference to a substantial risk of serious harm." *Balsewicz v. Pawlyk,* 963 F.3d 650, 654 (7th Cir. 2020) (quotation marks omitted). Tucker did not incur a substantial risk of serious harm in the demotion of his grade status and loss of privileges. Neither was he deprived of basic human needs, such as food, medical care, sanitation, or physical safety. *See Rhodes v. Chapman,* 452 U.S. 337, 346 (1981). The allegations here do not rise to the level of

an Eighth Amendment violation, which requires an "extreme deprivation." *See Hill v. Nicholson,* 829 F. App'x 142 (7th Cir. 2020). For these reasons, Count 2 is dismissed.

In a motion seeking to amend, Tucker asks the Court to file the Complaint under the ADA provision because he suffers from serious mental health issues. (Doc. 15). The motion is denied. The allegations in the Complaint do not support a claim under the ADA. *See* 42 U.S.C. § 12132 (2006).

Because Counts 1 and 2 are dismissed, the Complaint does not survive preliminary review pursuant to Section 1915A. "The usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). Here, however, there are no additional facts that would state a claim under the Fourteenth and Eighth Amendments for the denial of notice prior to a disciplinary hearing that resulted in the demotion to C grade status. Therefore, it would be futile to permit Tucker to amend.

### DISPOSITION

For these reasons, the Complaint (including **COUNTS 1 and 2**) is **DISMISSED with prejudice** for failure to state a claim upon which relief may be granted. Tucker is advised that the dismissal of this action will count as one of his three allotted "strikes" under the provisions of 28 U.S.C. § 1915(g). The Motion for Complaint to be Filed Under ADA is **DENIED**. (Doc. 15). All other pending motions are **DENIED as moot**.

Tucker may appeal this Order by filing a notice of appeal with this Court within thirty days of the entry of judgment. FED. R. APP. P. 4(a)(1)(A). If Tucker does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger,* 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza,* 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockish,* 133 F.3d 464, 467 (7th

Cir. 1998). Moreover, if the appeal is found to be nonmeritorious, Tucker may also incur another "strike." A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended.

The Clerk's Office is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED:**   **March 31, 2022**

                                                                                    *s/Stephen P. McGlynn*
                                                                                    **STEPHEN P. MCGLYNN**
                                                                                    **United States District Judge**